09-3370-ag
Caceres v. Holder

BIA
Romig, IJ
A094 496 157

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand ten.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges*.

_____

CHRYSTIAN ERICK RAFAEL CACERES, ALSO KNOWN AS CHRYSTIAN ERICK CACERES-MASTERS,
      *Petitioner*,

      v.                  09-3370-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL; UNITED STATES DEPARTMENT OF JUSTICE; BOARD OF IMMIGRATION APPEALS
      *Respondents*.

_____

FOR PETITIONER:      Tanya T. Dorman, Hartford, Connecticut

FOR RESPONDENTS:     Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Christopher P.

McGreal, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chrystian Erick Rafael Caceres, a native and citizen of Guatemala seeks review of a July 8, 2009, order of the BIA affirming the December 4, 2007, decision of Immigration Judge ("IJ") Jeffrey L. Romig, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chrystian Erick Rafael Caceres* No. A094 496 157 (BIA July 8, 2009), *aff'g* No. A094 496 157 (Immig. Ct. Hartford Dec. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

The IJ reasonably found that Caceres had not raised a basis for a political opinion asylum claim because he did not indicate that he was making such a claim in his asylum application and he testified that he was not involved in politics or any political organizations in Guatemala. *See Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). Caceres also failed to present any evidence indicating that his alleged persecutors had imputed any political opinion to him or his father. *See id.*

The IJ also reasonably determined that Caceres's claimed social groups, individuals in his family or individuals who are employed by or are related to individuals employed by financial institutions, were not cognizable under the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). The BIA has long interpreted the term "social group" to mean "a group of persons all of whom share a common, immutable characteristic." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985). An "immutable characteristic" is one that members of the group "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id.* Moreover, a cognizable social group must:

3

(1) exhibit a shared characteristic that is socially visible to others in the community; and (2) be defined with sufficient particularity. *See Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-76 (BIA 2007), *aff'd by Ucelo-Gomez v. Mukasey,* 509 F.3d 70, 73 (2d Cir. 2007). We have noted that "an asylum applicant's status as a member of a particular social group-and not some other factor-must be the central reason why that individual is targeted for persecution." *Koudriachova v. Gonzales,* 490 F.3d 255, 261-62 (2d Cir. 2007).

The agency did not err in concluding that Caceres's claimed group lacked the requisite social visibility and that he failed to establish that his membership in such group was a central reason that he was targeted. *See id.* (stating that "a former police officer singled out for reprisal because of her role in disrupting particular criminal activity would likely not be eligible for asylum" because "the persecution the applicant fears is not a result simply of her status as a former police officer, but rather is a result occasioned by other factors more specific to the particular applicant"). In fact, Caceres claimed to have been targeted on account of his father's personal actions as a bank official attempting to collect a debt rather than on

4

account of his status as a member of his family or a group of "individuals related to employees in the financial industry." Thus, the agency reasonably determined that he failed to demonstrate that he was targeted or would be targeted on account of his membership in a particular social group, and did not err in denying his applications for asylum and withholding of removal. *See Koudriachova,* 490 F.3d at 261-62; 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A).

Caceres does not challenge in his brief the agency's denial of his application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5